IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRAD ELLIOTT GORDON, # 227478, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv209-WHA |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Brad Elliott Gordon ("Gordon") on March 24, 2016.  Doc.

No. 1.[1]  For the reasons that follow, the Magistrate Judge finds that the § 2254 petition is

due to be denied and this case dismissed with prejudice.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On October 27, 2005, a Randolph County jury convicted Gordon of first-degree

rape and first-degree sodomy.  On December 12, 2005, the trial court sentenced Gordon,

as a habitual offender with two prior felony convictions, to serve concurrent terms of life

in prison for the rape and sodomy convictions.[2]  Gordon appealed, and on August 22, 2008,

the Alabama Court of Criminal Appeals affirmed his convictions and sentence.  *Gordon v.*

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

[2] In the same proceeding, Gordon was also convicted of unauthorized use of a motor vehicle and third-degree assault.  He was sentenced to 10 years in prison for the unauthorized use of a motor vehicle and 12 months in the county jail for third-degree assault, the terms to run concurrently with his other sentences. Gordon does not challenge his convictions and sentence for unauthorized use of a motor vehicle and third-degree assault in his instant habeas petition.

*State*, 988 So.2d 618 (Ala. Crim. App. 2007); *see* Doc. No. 8-2.  There is no record indicating that Gordon sought rehearing in the Alabama Court of Criminal Appeals or filed a petition for writ of certiorari in the Alabama Supreme Court.  On September 10, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Doc. No. 8-3.

Over seven years later, on October 21, 2015 (Doc. No. 8-4), Gordon filed a motion to modify his life sentences under § 13A-5-9.1, Ala. Code 1975, which provides for the reduction of some criminal sentences if certain requirements are met and is applied retroactively according to *Kirby v. State*, 899 So. 2d 968 (Ala. 2004).  In addition to invoking § 13A-5-9.1, Ala. Code 1975, Gordon alleged that his life sentences violated his rights to due process and equal protection of the law and the prohibition against cruel and unusual punishment.  Doc. No. 8-4 at 2–16.

The trial court denied Gordon's motion on November 12, 1975.  Doc. No. 8-5. Gordon appealed, and on February 11, 2016, the Alabama Court of Criminal Appeals dismissed the appeal as an attempt to appeal from a void ruling, finding that the trial court could not rule on Gordon's motion to modify his sentences because the trial court lost jurisdiction to modify Gordon's sentences 30 days after they were imposed.  *See* Rule 24.1(b) of the Alabama Rules of Criminal Procedure (providing that motion for new trial must be filed within 30 days after imposition of sentence).  Doc. No. 8-6.

In his § 2254 petition, which he filed on March 24, 2016, Gordon contends that the Alabama Court of Criminal Appeals "violat[ed] the Alabama Constitution and the United States Constitution" by dismissing his appeal from the trial court's denial of his motion to

modify his sentences as an attempt to appeal from a void, and therefore, non-appealable ruling.  Doc. No. 1 at 6 & 10–14.

## II.   DISCUSSION

"[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of *the Constitution or laws or treaties of the United States*."  28 U.S.C. § 2254(a) (emphasis added).  For a federal court to have jurisdiction over a petition for writ of habeas corpus, the petitioner must allege some violation of the United States Constitution or federal law.  "'A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'  *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted)."  *Curry v. Culliver*, 141 F. App'x 832, 833–34 (11th Cir. 2005).

Gordon asserts that the Alabama Court of Criminal Appeals violated the Alabama Constitution and the United States Constitution by dismissing his appeal from the trial court's denial of his motion to modify his sentences under § 13A-5-9.1 on the ground that the trial court's decision was not an appealable ruling.  Doc. No. 1 at 6 & 10–14.  Both the trial court's denial of Gordon's motion to modify his sentences under § 13A-5-9.1 and the Alabama Court of Criminal Appeals' dismissal of Gordon's appeal, based on its determination that the trial court lacked jurisdiction to modify Gordon's sentences more than 30 days after they were imposed, involved questions solely of state law, i.e., a state court's interpretation of its own laws and rules.  As such, Gordon's § 2254 petition presents

no basis for federal habeas corpus relief and is subject to dismissal on this ground.[3]  *See*

*Curry*, 141 F. App'x at 834.

Even if Gordon's § 2254 petition raises constitutional claims cognizable in an action

for federal habeas corpus relief, Gordon's challenge to his life sentences is time-barred

under the one-year limitation period applicable to habeas petitions, as set forth in 28 U.S.C.

§ 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4]

---

[3] "There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) *the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA* [Alabama's Habitual Felony Offender Act] *became effective*; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2) …; and (3) the inmate is a 'nonviolent convicted offender.'  *An inmate must satisfy all three requirements before he … is eligible for reconsideration of sentence under § 13A-5-9.1.*  If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses." *Holt v. State*, 960 So.2d 726 at 734-735 (Ala. Crim. App. 2006), writ quashed, 960 So.2d 740 (Ala. 2006) (emphasis added). Consequently, both the Alabama Supreme Court and Alabama Court of Criminal Appeals have determined that only inmates sentenced before May 25, 2000, are eligible for reconsideration of their sentence under § 13A-5-9.1. *Kirby v. State*, 899 So.2d 968, 973 (Ala. 2004); *Holt*, 960 So.2d at 734–35. Thus, it does not appear that Gordon is even eligible for reconsideration of his sentences under § 13A-5-9.1, as he was convicted *after* amendment of the HFOA and received the benefit of the amendment at the time of his sentencing. In addition, the Alabama legislature repealed § 13A-5-9.1 effective March 13, 2014. Consequently, as of March 14, 2014, a trial court has no authority to retroactively apply the amended version of § 13A-5-9(c)(3) to reconsider the sentences of inmates sentenced prior to amendment of the HFOA in 2000.

[4] Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody under the judgment of a State court.  The limitation period shall run from the latest of—
>
>>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>    (B) the date on which the impediment to applying created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Gordon was convicted on October 27, 2005, and he was sentenced on December 12, 2005. He appealed, and on August 22, 2008, the Alabama Court of Criminal Appeals affirmed his convictions and sentence. There is no record indicating that Gordon sought rehearing or filed a petition for writ of certiorari in the Alabama Supreme Court. On September 10, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment in the direct-review proceedings. Because Gordon did not apply for rehearing in the Alabama Court of Criminal Appeals or file a petition for writ of certiorari in the Alabama Supreme Court, his direct appeal was final on September 10, 2008. *See Walker v. State*, 194 So. 3d 253, 260 (Ala. Crim. App. 2015) (citing Rule 41 of the Alabama Rules of Appellate Procedure). Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). For purposes of federal habeas review and § 2244(a)(1)(A), Gordon had until September 10, 2009, to file his § 2254 petition, absent any statutory or equitable tolling.

After his direct-review proceedings, Gordon filed no Rule 32 petition in the trial court challenging his convictions and sentence; therefore, he cannot benefit from tolling under 28 U.S.C. § 2244(d)(2).[5] There is also no indication that the statutory tolling

___

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercising due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review regarding the judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

[5] Even if Gordon's motion to modify his sentences is deemed to be a "properly filed application for State post-conviction or other collateral review" for purposes of § 2244(d)(2), the motion could have no tolling effect under that provision because AEDPA's limitation period expired over six years before he filed the

provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) or principles of equitable tolling[6] apply in Gordon's case so that the limitation period might be deemed to have expired later than September 10, 2009.   Although Gordon couches his claims in "jurisdictional" terms, there is no exception under AEDPA that exempts jurisdictional issues from the application of the limitation period in § 2244(d).   *See Smith v. Thomas*, 2015 WL 2233121, at *5 (M.D. Ala. May 12, 2015).   Gordon also contends that he is actually innocent of the crimes of which he was convicted.   However, he submits no facts to support that contention.[7]

---

motion with the trial court.   A state post-conviction petition filed after AEDPA's limitation period has expired cannot toll the statute of limitations because there is no time left to toll.   *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).   "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

[6] The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."   *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).   A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).   The burden of establishing entitlement to equitable tolling rests with the petitioner.   *Hollinger v. Sec'y Dep't of Corrs.,* 334 F. App'x 302, 306 (11th Cir. 2009).   Gordon establishes no basis for equitable tolling in his case.

[7] The statute of limitations in AEDPA may be overcome by a credible showing by the petitioner that he is actually innocent.   *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013).   Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."   *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).   "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").   The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....   To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.   Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here,   Gordons's conclusory assertion of actual innocence does not satisfy the demanding standard in *Schlup*.

Gordon's § 2254 petition was filed over six years after expiration of AEDPA's one-year limitation period.  Gordon demonstrates no basis for equitable tolling and makes no showing of actual innocence as a gateway to review of his time-barred claims. Consequently, any constitutional claims raised in his untimely petition are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice because the petition presents no basis for federal habeas corpus relief, and even if the petition raises constitutional claims cognizable in an action for federal habeas corpus relief, the petition is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **February 20, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of February, 2018.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE